IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,711-01






EX PARTE THEODEN TAFOYA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20050D02000 IN THE 41ST DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
murder and one count of aggravated assault and sentenced to fifty-five and thirty years'
imprisonment, respectively. The Eighth Court of Appeals affirmed his conviction. Tafoya v. State,
No. 08-08-00214-CR (Tex. App.--El Paso Nov. 10, 2010) (unpublished).

 Applicant contends that his trial counsel rendered ineffective assistance because, inter alia,
he did not conduct an adequate investigation and did not present a mitigation case at the punishment
phase. Applicant also alleges that the State breached its duties to disclose exculpatory evidence under
Brady v. Maryland (1) by withholding a police report that contained evidence that would have
contradicted police testimony and that would have supported a self-defense theory. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient with respect to his investigation of the case
and his alleged failure to present mitigation evidence, and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions
of law as to whether the State suppressed Brady material and, if so, whether the evidence was
material. (2) The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: September 12, 2012

Do not publish

1. 373 U.S. 83 (1963). 
2. Moore v. Illinois, 408 U.S. 786, 794-95 (1972); Ex parte Kimes, 872 S.W.2d 700,
702-03 (Tex. Crim. App. 1993).